No. 12,922.

ESTATE OF WARTENBEE.
GLASS ET AL. *v.* PUEBLO SAVINGS AND TRUST COMPANY.
(26 P. [2d] 101)

Decided October 9, 1933.

Mr. L. E. LANGDON, Mr. JOHN T. BARBRICK, for plaintiffs in error.

Mr. H. P. VORIES, for defendant in error.

*In Department.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THE controversy here is over a codicil purporting to have been added on February 7, 1929, by the late Mary E. Wartenbee to what is admitted by all parties to be her valid last will and testament dated December 15, 1928. The codicil itself is assailed by the contestants, plaintiffs in error here, on the grounds that Mrs. Wartenbee was not of sound and disposing mind and memory when she made it, and that it was procured by undue influence. The county court of Pueblo county directed a verdict in favor of the defendant in error, the Pueblo Savings & Trust Company (proponent of the will and codicil, and named in the will as executor thereof), thus sustaining the codicil. The contestants appealed to the district court. There, after hearing the evidence and receiving the court's instructions, a jury brought in a verdict whereby the codicil was again declared valid. To the judgment entered upon the verdict the contestants have sued out this writ of error.

The assignments of error are aimed at the giving and refusing of certain instructions, the admission of evidence, and the insufficiency of the case to justify a verdict in favor of the proponent.

1. As to instructions. Considered as a whole,

the instructions given in the district court were full and fair. They were amply sufficient to enable the jury to make an intelligent application to the facts before them of the principles heretofore laid down by this court in such cases. The sound view is the one expressed by Mr. Justice Campbell, then Chief Justice, in *In re Shell's Estate,* 28 Colo. 167, 175, 63 Pac. 413, 415, when he approved the general principles laid down in *Cauffman v. Long,* 82 Pa. St. 72, as quoted in his opinion. The uncontradicted evidence in the present case shows that the contestants were not on particularly intimate terms of social intercourse with the testatrix, who had no close friends or relatives. Two of the five contestants were in no way related to her; the others were kin to her deceased husband. Thus none would have inherited any part of her estate if she had died intestate. In fact, the relations between her and the contestants make the references to ''natural objects of her bounty'' and ''natural justice'' which appear in the given and refused instructions seem almost irrelevant. At any rate those ideas were adequately presented in the given instructions. To have added what was contained in the refused instructions on the subject would, in the actual state of the record herein, have constituted an objectionable repetition. There was no error in connection with the instructions.

2. The only error alleged in regard to specific evidence concerns the order of proof. The proponent, assuming its legal burden of proving the testamentary capacity of the testatrix, adduced the testimony of the attesting witnesses to the codicil, and rested its case in chief. The contestants assumed the legal burden of proving undue influence. They also introduced evidence to meet and overcome the prima facie showing made by the proponent as aforesaid on the issue of testamentary capacity. The alleged error complained of is that the district court permitted the proponent thereupon to introduce further evidence to rebut the evidence of the contestants on the latter issue. This ruling involved merely

the order of proof. It was a matter clearly within the sound discretion of the trial court, and in the absence of a showing of prejudice or of abuse of discretion the ruling could not constitute reversible error, if indeed it be error at all.

 3. The case resolved itself into a battle for a jury verdict upon conflicting evidence. There is sufficient evidence to support the verdict in favor of the codicil's validity. The jury's decision must stand.

Judgment affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BURKE concur.